**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTH DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| EDWARD CHILDS, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: |
| | ) | |
| ALL-N-1 SECURITY | ) | JURY TRIAL REQUESTED |
| SERVICES, INC., | ) | |
| | ) | |
| DEFENDANT. | ) | |
| _____ | ) | |

## **COMPLAINT**

NOW COMES Plaintiff, Edward Childs, and hereby file this action pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §201 *et seq.* (hereinafter "FLSA"), seeking payment for unpaid wages, overtime wages, liquidated damages, actual damages, and compensatory damages, for Defendant's violation of the FLSA. Plaintiff also seeks damages under the Employee Retirement Income Security Acts of 1974 ("ERISA") and Internal Revenue Code 28 U.S.C. §§ 1331, 1340, and 2201. Plaintiff further seeks reasonable attorneys' fees, costs and interest pursuant to 29 U.S.C. §216(b).  Plaintiff states as follows as his Complaint in this matter:

## I.   JURISDICTION AND VENUE

1.

Jurisdiction is conferred upon this Court by 29 U.S.C. §§216(b), 215(a)(3) of the Fair Labor Standards Act, by 29 U.S.C. §1331, this action arising under the laws of the United States, and by 28 U.S.C. §§§1337, 1340, and 2201 this action arising under an act of Congress regulating commerce.

2.

Venue in this Court is proper pursuant to 28 U.S.C. §1391(b).

3.

The cause of action set forth in this Complaint arose within this jurisdiction.

## II.   PARTIES

4.

Plaintiff is an adult resident citizen of Fulton County, Georgia.

5.

Based upon Plaintiff's information and belief, Defendant is a domestic corporation existing under the State laws of Georgia.  Defendant lists its principal place of business as 3915 Cascade Road SW, Suite 340, Atlanta, Georgia 30331-8520.

6.

Service of process for Defendant can be effectuated through its registered agent Mary H. Parker at 3915 Cascade Road SW, Suite 340, Atlanta, Georgia 30331-8520.

7.

At all times relevant to this Complaint, Plaintiff was a "covered employee" as defined by 29 U.S.C. §203(e)(1).

8.

At all times relevant, Defendant employed the Plaintiff to perform labor for its benefit and made employment and compensation related decisions regarding the Plaintiff in this District.

9.

At all times relevant hereto, Plaintiff suffered and/or was permitted to work for the benefit of the Defendant.

10.

Defendant describes its business as providing high-level security technology, security personnel, and cyber security solutions, and electrical and fire systems to clients in a wide-range of industries including aviation, municipalities, education, natural gas resources, and transportation *etc.*

11.

Defendant is engaged in interstate commerce for purposes of the FLSA. Specifically, Defendants engage in interstate commerce by recurrently utilizing instrumentalities of interstate commerce, such as the processing electronic payments via the internet and utilize telephones, among others.

12.

Upon information and belief, Defendant's gross sales are in excess of $500,000 per year.

13.

Defendants directed Plaintiff to individually engage in interstate commerce, by recurrently utilizing instrumentalities of interstate commerce, such as the telephone and internet in his work.

14.

Plaintiff as part of his job duties regularly engages in interstate commerce, by by regularly and recurrently utilizing instrumentalities of interstate commerce, such as the telephone and internet in his work.

15.

Plaintiff made telephone calls to the Defendant's customers, and utilized the internet.

16.

Plaintiff was employed in positions that involved interstate commerce as defined by the FLSA and/or employed in an enterprise that engaged in interstate commerce.

17.

Defendant is an employer within the meaning of 29 U.S.C. §203(d) and are not exempt from the FLSA.

## III.  FACTUAL ALLEGATIONS

18.

Plaintiff was employed as a Foreman from November 2019 through the present.

19.

During times relevant to this Complaint, Defendant initially compensated the Plaintiff on an hourly basis at the rate of $30 per hour, but changed his hourly rate, without notice, to $26 per hour following an on-the-job injury.

20.

Defendant classified Plaintiff as an independent contractor, and Defendant further issued to him, during times relevant, a 1099 information return under Title 26, section 6724(d)(1)(A) of the Internal Revenue Service ("IRS") Code.

21.

On account of being classified as an independent contractor, Plaintiff was paid only the straight time for the hours he worked in excess of forty (40) in any workweek.

22.

Plaintiff worked in excess of forty (40) hours per week and submitted this time to the Defendants for compensation.  In fact Plaintiff, worked approximately ten (10) weeks during times relevant where he was not paid the overtime premium for the hours he worked.

23.

The Defendant's classification of Plaintiff as an independent contractor resulted in the denial of health and workers' compensation insurance; vacation; holiday and sick pay; contributions to retirement plans; and eligibility for unemployment pay.

24.

By classifying the Plaintiff as an independent contractor, the Defendant has failed to pay legally required employment taxes to both the United States government taxing authority and the State of Georgia government taxing authority.

25.

Plaintiff has been misclassified as independent contractors under the FLSA, and the Internal Revenue Code. Rather. He is an employee as defined by 29 U.S.C. § 203(e) and 26 U.S.C. § 3121(d)(2).

26.

Plaintiff is not exempt from the FLSA, which entitles him to be paid the overtime premium for any hours worked in excess of forty (40) in any work week.

27.

Plaintiff is, as a matter of economic reality, dependent on the Defendant. Plaintiff works in a fulltime capacity for the Defendant and his earning from the Defendant are his primary source of income.

28.

Plaintiff's work as a foreman for the Defendant was an integral part of the Defendant's business, in fact it was the very means by which the Defendant generated revenue.

29.

Plaintiff's work was manual in nature, and is considered blue collar worker, which the FLSA specifically seeks to protect.

30.

Plaintiff during multiple weeks during the times relevant to this Complaint was required to work overtime and worked at times eight (8) to fifteen (15) hours of overtime during a workweek.

31.

Plaintiff was paid a flat hourly rate and had no opportunity for profit or loss depending on his managerial and other work skills.

32.

Plaintiff provided no equipment or facility space of his own and was entirely reliant on Defendant to provide the equipment and facility space.

33.

The Defendant dictated Plaintiff's schedule, assign him to specific jobs, and mandate that he report for work at specific times and dates determined by the Defendant.

34.

Plaintiff was entitled to full pay for each hour worked and overtime pay for each hour worked in excess of forty (40) in the workweek.

35.

The Defendant has not provided Plaintiff with the benefits to which he would have been entitled if properly classified as an employee.

36.

Plaintiff has been denied worker's compensation benefits, unemployment benefits, *etc.* as a result of Defendant's misclassification.

37.

Defendant has defrauded the federal government by failing to pay legally required taxes for employees.

38.

Defendant has willfully failed to comply with the overtime wage provisions of the FLSA, 29 U.S.C. §207, specifically, by misclassifying Plaintiff as an independent contractor and failing to pay Plaintiff the overtime premium.

39.

Defendant knowingly, intentionally, willfully and recklessly failed to pay the Plaintiff in conformity with the requirements of the FLSA.

40.

As a result of the Defendant's violation of the FLSA, Plaintiff has suffered damages by failing to receive compensation due in accordance with the FLSA, resulting in substantial unpaid overtime wages.

41.

Plaintiff is entitled to the amount of unpaid wages and is also entitled to recover an additional equal amount as liquidated damages pursuant to the FLSA and prejudgment and post judgment interest.

42.

Defendant has not made a good faith effort to comply with the FLSA.

43.

Plaintiff is entitled to an award of attorneys' fees under the FLSA.

44.

Plaintiff has no plain, adequate or complete remedy to redress the allegation contained herein and this suit for lost wages, back-pay, and declaratory judgment and injunctive relief is the only avenue to secure adequate relief.

45.

Defendants has failed to keep accurate time records for the Plaintiff in conformity with the FLSA.

46.

Defendant has failed to properly post the Department of Labor wage and hour notices in conspicuous places as required by 29 C.F.R. §516.4.

47.

Defendant has willfully failed to comply with the overtime provisions of the FLSA, 29 U.S.C. §207, specifically, by failing to pay for the premium overtime rate for those hours suffered over forty (40) hours.

48.

Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendant has had a uniform policy and practice of consistently failing or refusing to fully compensate its employees for all time worked at overtime premium wages.

49.

For at least three (3) years, Defendants have been aware of the requirements of the FLSA, the Department of Labor's regulations, and its own violations of the FLSA. Despite this knowledge, Defendants failed to pay the amount of pay as required by law.

50.

As a result of the Defendant's violation of the FLSA, Plaintiff has suffered damages by failing to receive compensation due in accordance with the FLSA.

51.

Plaintiff is entitled to the amount of unpaid wages and is also entitled to recover an additional equal amount as liquidated damages pursuant to the FLSA and prejudgment interest.

**IV.   COUNT ONE: CLAIM FOR FEDERAL DAMAGES DUE TO MISCLASSIFICATION UNDER 26 U.S.C § 7434 AND 29 USC § 1001, *et seq.***

52.

Plaintiff incorporates by reference paragraphs 1 – 51 as if fully set forth herein.

53.

By misclassifying Plaintiff as an independent contractor, Defendant willfully filed fraudulent 1099 information returns under 26 U.S.C. § 7434, with respect to payments purported to be made to Plaintiff.

54.

Defendant's fraudulent information returns regarding Plaintiff was willful because Plaintiff repeatedly asked Defendant to remedy the misclassifications;

Defendant knew that the Plaintiff was wrongfully misclassified, and Defendant refused to correct the misclassification during times relevant.

**WHEREFORE**, Plaintiff prays that this Honorable Court enter judgment in favor for:

A.    Plaintiffs seek $5,000 for each year Defendants filed such fraudulent 1099 information returns, or, if greater, Plaintiff's actual damages, including, inter alia, loss of benefits, loss of tax contributions, unemployment payments, costs of this action; and attorney's fees;

B.    Plaintiffs further seeks ERISA damages and attorney's fees under 29 U.S.C. § 1132 for denial of benefits to which he would have been entitled if not willfully misclassified; and

C.    Such other legal and equitable relief including but not limited to, any injunctive and/or declaratory relief, to which they may be entitled.

## V.    COUNT TWO: CLAIM FOR OVERTIME WAGES

55.

Plaintiff incorporates by reference paragraphs 1 – 56 as if fully set forth herein.

56.

Plaintiff worked over forty (40) hours per week during the course of his employment with the Defendant.

57.

Defendant wrongfully failed to pay Plaintiff at the time and one-half overtime rate of pay for any of those overtime hours.

58.

Defendant has willfully and knowingly violated the provisions of the FLSA.

**WHEREFORE**, Plaintiff prays that this Honorable Court enter judgment in favor for:

A.    Payment of all wages Plaintiff should have received under the FLSA, but for Defendant's willful violation;

B.    Payment of an equal amount of liquidated damages pursuant to the FLSA;

C.    Such other legal and equitable relief including but not limited to, any injunctive and/or declaratory relief, to which they may be entitled; and

D.    All reasonable costs and attorneys' fees pursuant to the FLSA.

## V.    COUNT THREE:  BREACH OF CONTRACT CLAIM

59.

Plaintiff incorporates by reference paragraphs 1 – 58 as if fully set forth herein.

60.

Plaintiff and Defendant entered into a binding written contract regarding Plaintiff's employment ("Agreement").

61.

The Agreement provided that the Defendant would pay Plaintiff for each hour worked at an agreed upon hourly wage.

62.

Plaintiff provided the Defendant with legal consideration pursuant to the Agreement.

63.

The Defendant changed the Plaintiff's payrate without notice or agreement from the Plaintiff.

64.

Plaintiff complied with all conditions precedent and other requirements of the Agreement.

65.

The Defendant breached Plaintiff's Agreement by failing to pay Plaintiff the agreed upon hourly rate.

66.

As a result of Defendant's breach, Plaintiff is entitled to damages.

67.

Defendant has been stubbornly litigious and has caused the Plaintiff unnecessary trouble and expense so as to allow the Plaintiff to recover his reasonable attorney's fees and expenses incurred in bringing this action pursuant to O.C.G.A. §13-6-11.

68.

Plaintiff is entitled to interest on any sums recovered on account of a breach of contract until the recovery pursuant to O.C.G.A. §§7-4-2; 13-6-11; 13-6-13.

**WHEREFORE**, Plaintiffs pray that this Honorable Court enter judgment in favor for:

A. Damages for Breach of Contract, interest as provided by law and such other and further relief as this court deems just and proper;

B. Pre-judgment interest pursuant to O.C.G.A. §§7-4-2;

C. Such other legal and equitable relief including but not limited to, any injunctive and/or declaratory relief, to which they may be entitled; and

D. All reasonable costs and attorneys' fees pursuant to O.C.G.A. §13-6-11.

Respectfully submitted, this <u>9th</u> day of February, 2021.

*Attorneys for Plaintiff*

**MARTIN | DEMELFI, LLC**

<u>*/s/ Nicholas P. Martin*</u>
Nicholas P. Martin, Esq.
Georgia Bar No. 168722
nmartin@martin-demelfi.com
Frank DeMelfi, Esq.
Georgia Bar No. 320128
fdemelfi@martin-demelfi.com
1742 Mount Vernon Road
Suite 300
Dunwoody, Georgia 30338
Phone: (770) 450-6155

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTH DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| EDWARD CHILDS, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: |
| | ) | |
| ALL-N-1 SECURITY | ) | JURY TRIAL REQUESTED |
| SERVICES, INC., | ) | |
| | ) | |
| DEFENDANT. | ) | |
| _____ | ) | |

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1D**

The undersigned certifies that the foregoing **COMPLAINT** has been prepared using 14-point Times New Roman font in compliance with Local Rule 5.1(C).

Respectfully submitted, this 9th day of February, 2021.

*Attorneys for Plaintiff*

**MARTIN | DEMELFI, LLC**

*/s/ Nicholas P. Martin*
Nicholas P. Martin, Esq.
Georgia Bar No. 168722
nmartin@martin-demelfi.com
Frank DeMelfi, Esq.
Georgia Bar No. 320128
fdemelfi@martin-demelfi.com